IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------------
JOSEPH FREDA                           :      CIVIL NO. _____
145 W. Laurel Street, Unit B           :
Philadelphia, PA 19123                 :      JURY TRIAL DEMANDED
                                       :
                  Plaintiff,           :
                                       :
           v.                          :
                                       :
STANLEY, BLACK & DECKER, INC.          :
1000 Stanley Drive                     :
New Britain, CT 06053                  :
                                       :
                  Defendant.           :
-----------------------------------------------------------------
```

## COMPLAINT – CIVIL ACTION

Plaintiff Joseph Freda ("Plaintiff"), by and through his undersigned attorney, for his

Complaint against Defendant, Stanley, Black & Decker, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this Complaint contending that Defendant has improperly failed to

pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §

333, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §

260.1 *et seq.*

2.      Plaintiff is a former employee of Defendant who was hired in the position of

Enterprise Solutions Specialist. During the course of his employment, Plaintiff regularly worked

more than forty (40) hours per week, but was not properly compensated for his work in that

Plaintiff was not paid an overtime premium calculated at 1.5 times his regular rate of pay for

each hour worked in excess of 40 hours in a work week as required by the FLSA and PMWA.

3.      Plaintiff brings this action under the FLSA, the PMWA, and the WPCL for monetary damages, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as the FLSA claims.

7.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Plaintiff resides in this judicial district, the Defendant does business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8.      Plaintiff Joseph Freda currently resides at 145 W. Laurel St., Unit B, Philadelphia, Pennsylvania 19123.

9.      Defendant Stanley, Black & Decker, Inc. maintains a principal place of business located at 1000 Stanley Drive, New Britain, Connecticut 06053.

10.     Defendant is a "private employer" and covered by the FLSA.

11.     Plaintiff has been employed by Defendant during all relevant times hereto and as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

12.     In or about July, 2015, Plaintiff began his employment with Defendant working in the position of Enterprise Solutions Specialist.

13.     Plaintiff's primary duties consisted, generally, of promoting Defendant's products to contractors and trade unions at job sites in the Eastern Pennsylvania region. A typical day for Plaintiff would consist of 3 to 5 such visits or "calls", showing new products, offering demonstrations, giving away promotional materials, and occasionally offering free repairs. Any purchases intended to be made by potential customers as a result of these promotions were referred to large retailers. Accordingly, all of Plaintiff's promotional work was incidental to sales made by someone other than Plaintiff.

14.     Plaintiff routinely worked in excess of 40 hours per week. In this regard, Plaintiff typically worked Monday through Friday, from 7:00 a.m. into the evening hours. At least once per week, Plaintiff would entertain Defendant's customers in the evening or on weekends or otherwise work through weekends at trade shows and industry events.

15.     For one typical example, on Sunday, June 2, 2019, Plaintiff departed at 6:30 a.m. to entertain guests at Pocono Raceway, and did not return home until 7:45 p.m. He then continued to work at least 11 hours day each day of that week. Thus, in total, Plaintiff worked approximately 70 hours during the week of June 2, 2019.

16.     For another more extreme example, Plaintiff worked very long hours preparing for and attending the NECA convention in late-September/early-October 2018. Before and after the convention, Plaintiff worked 12-to-14-hour days prepping, planning and moving materials in and around the convention center floor. During the 4-day convention from September 29, 2019 to October 2, 2019, Plaintiff worked 16-to-17-hour days, starting at 7:00 a.m. at the convention

3

itself and lasting until midnight entertaining customers. Thus, in total, Plaintiff worked approximately 78 hours during the week of September 23, 2018 and 84 hours during the week of September 30, 2018.

17.     In sum, Plaintiff generally worked, on average, more than 60 hours per week during the length of his employment with Defendant.

18.     Despite the fact that Plaintiff worked in excess of 40 hours per week, Plaintiff did not receive any compensation and/or overtime compensation for work performed in excess of 40 hours per week. Plaintiff was only paid a weekly salary regardless of the number of hours he actually worked.

19.     Defendant classified Plaintiff as "exempt" under the FLSA and therefore determined that Plaintiff was not entitled to overtime compensation.

20.     Defendant unlawfully misclassified Plaintiff as "exempt." Plaintiff was/is not exempt from receiving overtime compensation.

21.     Plaintiff did not exercise any discretion or independent judgment over matters of significance on behalf of Defendant. Thus, Plaintiff is not exempt from overtime compensation pursuant to the administrative exemption under the FLSA.

22.     Plaintiff did not make sales, obtain orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer. Thus, Plaintiff is not exempt from overtime compensation pursuant to the outside sales exemption under the FLSA.

23.     Further, there are no other exemptions under the FLSA and/or PMWA which would be applicable to Plaintiff.

4

24.     Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant.

25.     Defendant failed to pay Plaintiff at a rate of at least 1.5 times his regular rate of pay for each hour he worked in excess of 40 hours in a work week.

26.     As part of Plaintiff's compensation, Plaintiff was provided with an Incentive Plan for Enterprise Solutions Specialists ("Incentive Plan").

27.     For the year 2019, Defendant was obligated to pay Plaintiff up to an aggregated 65% of Plaintiff's prorated salary for 2019 depending upon sales growth versus the prior year in three separate categories.

28.     Defendant failed to pay Plaintiff in accordance with Defendant's Incentive Plan for the front half of 2019.

29.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

30.     Plaintiff incorporates herein by reference the preceding paragraphs as though the same were more fully set forth at length herein.

31.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

32.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

33.     According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week.  Despite working in excess of 40 hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA.  In fact, Plaintiff was only paid the same weekly salary, regardless of the number of hours actually worked.  Defendant failed to pay Plaintiff at a rate of 1.5 times his regular rate of pay for each hour he worked in excess of 40 hours in a work week.

34.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

35.     Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

36.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked;

B.     Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C.     Awarding Plaintiff liquidated damages in accordance with the FSLA;

D.     Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

6

E.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.     Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*

37.     Plaintiff incorporates herein by reference the preceding paragraphs as though the same were more fully set forth at length herein.

38.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

39.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

40.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

41.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE,** as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

7

B.      An award to Plaintiff of reasonable attorney's fees and costs pursuant to the

Pennsylvania Minimum Wage Act; and

C.      An award to Plaintiff for any other damages available to him under applicable

Pennsylvania law, and all such other relief as this Court may deem proper;

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq.*
### FAILURE TO PAY WAGES DUE AND OWING

36.     Plaintiff incorporates herein by reference the preceding paragraphs as though the

same were more fully set forth at length herein.

37.     By its actions alleged above, Defendant has violated the provisions of the

Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, by failing to pay

certain wages and benefits earned, due and owing to Plaintiff pursuant to Defendants' policies,

practices and agreements with Plaintiff.

38.     Defendant has also violated the WPCL by failing to compensate Plaintiff for the

first half of 2019 pursuant to the Incentive Plan for Enterprise Solutions Specialists.

39.     Plaintiff is entitled to compensation for hours of work which he performed for

Defendants and for which he was not properly compensated.

40.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of

compensation in amounts to be determined at trial, and is entitled to recovery of such amounts,

and liquidated damages, together with costs and attorney's fees pursuant to the WPCL.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff

respectfully requests that this Court enter judgment in his favor and against Defendant and grant

the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff for the amount of unpaid compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.      An award to Plaintiff of liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages and benefits due pursuant to the Wage Payment and Collection Law, 43 P.S. §260.10;

C.      An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Wage Payment and Collection Law, 43 P.S. §260.10; and

D.      An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, including general and special damages according to proof, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael P. Murphy, Jr., Esquire
One Penn Center, Suite 1230
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267.273.1054
FAX: 215.525.0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: August 5, 2019

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.